Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*Hyper Ice, Inc. and Hyperice IP Subco, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYPER ICE, INC. AND HYPERICE IP SUBCO, LLC,<br><br>                    *Plaintiffs*<br><br>v.<br><br>YONGKANG XIANGYI TECHNOLOGY CO., LTD d/b/a SORUDEL,<br><br>                    *Defendant* | **25 Civ. 2962 (KPF)**<br><br>**PRELIMINARY INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiffs or Hyperice** | Hyper Ice, Inc. and Hyperice IP Subco, LLC |
| **Defendant** | Yongkang Xiangyi Technology Co., Ltd d/b/a SORUDEL |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Shein** | Shein.com, a Singapore based global e-commerce platform owned by parent company Roadget Business Pte. Ltd. that uses on-demand manufacturing technology to connect suppliers to the Shein supply chain and allows manufacturers and other third-party merchants like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendant's User Accounts (as defined *infra*), Defendant's Merchant Storefronts (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Arnold Dec.** | Declaration of Brian Arnold in Support of Plaintiffs' Application |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiffs' Application |
| **Hyperice Products** | Plaintiffs' Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2 and Hypervolt 2 Pro which are covered by one or more claims in the Hyperice Patents (defined *infra*) |
| **Hyperice Website** | https://www.hyperice.com/ |
| **Hyperice Amazon Storefront** | https://www.amazon.com/stores/Hyperice/page/D1C8E117-0D44-41F0-9B14-E5AE1F4EDD4C |
| **Hyperice Patents** | U.S. Patent No. 11,857,482 ("'482 Patent"), entitled "Massage Device Having Variable Stroke Length" and U.S. Patent No. 12,213,933 ("'933 Patent"), entitled "Massage Device with a Releasable Connection for a Massaging Head" |
| **Infringing Products** | Products which infringe one or more of the claims of the Hyperice Patents under the brand name "SORUDEL" |
| **Infringing Listings** | Defendant's listings for Infringing Products |

i

| | |
|---|---|
| **User Accounts** | Any and all websites owned and/or operated by Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, advertises, promotes, offers for sale and/or sells Infringing Products held and/or operated by Defendant, and any and all accounts with online marketplace platforms such as Amazon and Shein, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Merchant Storefronts** | Any and all User Accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant operates storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's User Accounts, including online marketplace platforms, including, without limitation, Amazon and Shein as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant manufactures, imports, exports, advertises, markets, promotes, distributes, makes, uses, offer for sales, sells and/or otherwise deals in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise. |

WHEREAS, Plaintiffs having moved *ex parte* on April 10, 2025, against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's User Accounts, Merchant Storefronts and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on April 11, 2025 ("TRO") which ordered Defendant to appear on April 25, 2025, at 11:30 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 17, 2025, Plaintiffs wrote a letter to the Court requesting modification and extension of the TRO, and on the same day, April 17, 2025, the Court granted Plaintiffs' request, including adjourning the Show Cause Hearing to May 8, 2025, at 11:00 a.m. ("April 17, 2025 Order");

WHEREAS, on May 1, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application and the April 17, 2025 Order on Defendant;

WHEREAS, on May 5, 2025, Plaintiffs wrote a letter to the Court requesting to appear at the Show Cause Hearing by telephone and on the same day, May 5, 2025, the Court granted Plaintiffs' request converting the in-person Show Cause Hearing to a telephone conference ("May 5, 2025 Order");

WHEREAS, on May 6, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the May 5, 2025 Order on Defendant;

WHEREAS, on May 8, 2025, Plaintiffs appeared at the Show Cause Hearing, however, Defendant did not appear.

## PRELIMINARY FACTUAL FINDINGS AND CONCLUSIONS OF LAW

A.    Plaintiffs are likely to prevail on their Patent Act claims at trial.

B.    As a result of Defendant's infringements, Plaintiffs, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

1. Defendant has offered for sale and sold substandard Infringing Products in the United States that infringe the Hyperice Patents; and

2. Plaintiffs have well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiffs' reputations and goodwill; and that Plaintiffs may suffer loss of sales for the Hyperice Products.

C.    The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiffs, their businesses, the goodwill and reputation built up in and associated with

the Hyperice Patents and to their reputation if the relief granted in the TRO is not continued through the pendency of this action.

  D. Public interest favors issuance of the preliminary injunction order in order to protect Plaintiffs' interests in and to their Hyperice Patents, and to protect the public from being deceived and defrauded by Defendant's Infringing Products.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 283 of the Patent Act.

    a) Accordingly, Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

     i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Hyperice Patents;

     ii. operation of Defendant's User Accounts and Defendant's Merchant Storefronts, including, without limitation, continued

     operation of Defendant's User Accounts and Merchant Storefronts in violation of this Order;

  iii.  directly or indirectly infringing in any manner Plaintiffs' Hyperice Patents;

  iv.  making, using, selling, importing and/or offering to sell products that infringe the Hyperice Patents;

   v.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's User Accounts, Merchant Storefronts or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

  vi.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    vii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vi) above and I(b)(i) and I(c)(i) below.

b) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court; and

    ii. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vi) and I(b)(i) above and I(c)(i) below, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's User Accounts and Merchant Storefronts in violation of this Order.

c) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order,

including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. operation of Defendant's User Accounts and Defendant's Merchant Storefronts, including, without limitation, continued operation of Defendant's User Accounts and Merchant Storefronts in violation of this Order; and

   ii. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(vi), I(b)(i) and I(c)(i) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendant's Financial Accounts, shall provide written confirmation of such attachment to Plaintiffs' counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which

> shall include, at a minimum, identifying information for Defendant, including contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

   b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant in its response to the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to

7

any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

   i. account numbers;

  ii. current account balances;

 iii. any and all identifying information for Defendant, Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, names, addresses and contact information;

 iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each of Defendant's Financial Accounts;

  v. any and all deposits and withdrawal during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

 vi. any and all wire transfers into each and every of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

8

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendant's Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all Defendant's User Accounts and Defendant's Merchant Storefronts that Defendant has ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

   ii. the identity, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C) of the TRO;

   iii. the nature of Defendant's businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's User Accounts and Defendant's Merchant Storefronts, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial

9

    Institutions associated with Defendant's User Accounts and Defendant's Merchant Storefronts; and

  iv. Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Hyperice Patents.

4. As sufficient cause has been shown, pursuant to Fed. R. Civ. P. 4(f)(3), service may be made on, and shall be deemed effective as to all Defendant if it is completed by the following means:

 a) delivery of: (i) a PDF copy of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download a PDF copy of this Order to Defendant's e-mail address(es) as identified by Amazon and/or Shein pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

 a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy

      of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

  b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Shein will be able to download a PDF copy of this Order via electronic mail to Shein's counsel at andrew.huang@sheingroup.com and jen.swallow@sheingroup.com;

  c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

  d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

  e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to TRORequest@pingpongx.com.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective

as to Defendant, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. Defendant is hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 8th day of May, 2025, at 11:45 a. m.
New York, New York

_____
  HON. KATHERINE POLK FAILLA
  UNITED STATES DISTRICT JUDGE