Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*Hyper Ice, Inc. and Hyperice IP Subco, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>*Plaintiffs*<br><br>v.<br><br>YONGKANG XIANGYI TECHNOLOGY CO., LTD d/b/a SORUDEL,<br><br>*Defendant* | **25 Civ. 2962**<br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANT'S USER ACCOUNTS, MERCHANT STOREFRONTS AND DEFENDANT'S ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiffs or Hyperice** | Hyper Ice, Inc. and Hyperice IP Subco, LLC |
| **Defendant** | Yongkang Xiangyi Technology Co., Ltd d/b/a SORUDEL |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Shein** | Shein.com, a Singapore based global e-commerce platform owned by parent company Roadget Business Pte. Ltd. that uses on-demand manufacturing technology to connect suppliers to the Shein supply chain and allows manufacturers and other third-party merchants like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendant's User Accounts (as defined *infra*), Defendant's Merchant Storefronts (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Arnold Dec.** | Declaration of Brian Arnold in Support of Plaintiffs' Application |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiffs' Application |
| **Hyperice Products** | Plaintiffs' Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2 and Hypervolt 2 Pro which are covered by one or more claims in the Hyperice Patents (defined *infra*) |
| **Hyperice Website** | https://www.hyperice.com/ |
| **Hyperice Amazon Storefront** | https://www.amazon.com/stores/Hyperice/page/D1C8E117-0D44-41F0-9B14-E5AE1F4EDD4C |
| **Hyperice Patents** | U.S. Patent No. 11,857,482 ("'482 Patent"), entitled "Massage Device Having Variable Stroke Length" and U.S. Patent No. 12,213,933 ("'933 Patent"), entitled "Massage Device with a |

i

|  | Releasable Connection for a Massaging Head" |
| --- | --- |
| **Infringing Products** | Products which infringe one or more of the claims of the Hyperice Patents under the brand name "SORUDEL" |
| **Infringing Listings** | Defendant's listings for Infringing Products |
| **User Accounts** | Any and all websites owned and/or operated by Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, advertises, promotes, offers for sale and/or sells Infringing Products held and/or operated by Defendant, and any and all accounts with online marketplace platforms such as Amazon and Shein, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Merchant Storefronts** | Any and all User Accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant operates storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's User Accounts, including online marketplace platforms, including, without limitation, Amazon and Shein as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant manufactures, imports, exports, advertises, markets, promotes, distributes, makes, uses, offer for sales, sells and/or otherwise deals in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise. |

On this day, the Court considered Plaintiffs' *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendant's User Accounts, Merchant Storefronts and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendant, Third Party Service Providers and Financial Institutions in light of Defendant's intentional and willful offerings for sale and/or sales of Infringing Products.[1] Having reviewed the Application, Declarations of Brian Arnold and Melissa J. Levine, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## **PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Founded in 2011, Hyperice is a technology-driven company specializing in ice, compression, thermal, vibration, contrast, and percussion technology. Hyperice's products are used by the world's best athletes and consumers throughout the United States and in over 60 countries.

2. Hyperice IP Subco, LLC is a wholly owned subsidiary of Hyper Ice, Inc. and the assignee of the Hyperice Patents, i.e. U.S. Patent Nos. 11,857,482 and 12,213,933.

3. Hyper Ice, Inc. is the exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the Hyperice Patents.

4. Since 2018, Hyperice has developed, arranged for the manufacture of, offered for sale, and sold the Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and Hypervolt 2 Pro (collectively, the "Hypervolt Products"), all of which are covered by one or more claims of the Hyperice Patents.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

5. Hyperice sells multiple product lines under the Hyperice brand, including its Hypervolt Products to consumers in over sixty countries.

6. In 2021, Hyperice was recognized by Fast Company as one of the World's Most Innovative Companies.

7. Defendant is manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, making, offering for sale and/or selling Infringing Products through Defendant's Merchant Storefronts and User Accounts.

8. Defendant is not an authorized distributor or licensee of the patented Hyperice Products. Neither Plaintiffs, nor any of Plaintiffs' authorized agents, have consented to Defendant's use of the Hyperice Patents.

9. Plaintiffs are likely to prevail on their Patent Act claim at trial.

10. As a result of Defendant's infringements, Plaintiffs, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendant can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted:

   a. Defendant has offered for sale and sold substandard Infringing Products in the United States that infringe the Hyperice Patents;

   b. Plaintiffs have well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiffs' reputation and goodwill; and that Plaintiffs may suffer loss of sales for the Hyperice Products; and

   c. Plaintiffs have well-founded fears that if they proceeds on notice to Defendant on this Application, Defendant will: (i) secret, conceal, destroy, alter, sell-off, transfer or

otherwise dispose of or deal with Infringing Products or other goods that infringe the Hyperice Patents, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in its possession or under its control, (ii) inform its suppliers and others of Plaintiffs' claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Infringing Products or other goods infringing the Hyperice Patents, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in its possession or under its control, (iii) secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Infringing Products or other goods infringing the Hyperice Patents and records relating thereto that are in its possession or under its control and/or (iv) open new websites, User Accounts and Merchant Storefronts under new or different names and continue to offer for sale and sell Infringing Products with little to no consequence.

2. The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their business, the goodwill and reputation built up in and associated with the Hyperice Patents and to their reputation if a temporary restraining order is not issued.

3. Public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests in and to their Hyperice Patents, and to protect the public from being deceived and defrauded by Defendant's Infringing Products.

4. Plaintiffs have not publicized their request for a temporary restraining order in any way.

5. Service on Defendant via electronic means is reasonably calculated to result in proper notice to Defendant.

6. If Defendant is given notice of the Application, it is likely to secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Infringing Products or other goods infringing the Hyperice Patents. Therefore, good cause exists for granting Plaintiffs' request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendant's Assets and/or Defendant's Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendant's User Accounts and Merchant Storefronts. As such, the Court allows enough time for Plaintiffs to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendant.

7. Similarly, if Defendant is given notice of the Application, it is likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or sale of Infringing Products. Therefore, Plaintiffs have good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows:

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with

4

Defendant, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Hyperice Patents;

2) operation of Defendant's User Accounts and Defendant's Merchant Storefronts, including, without limitation, continued operation of Defendant's User Accounts and Merchant Storefronts in violation of this Order;

3) directly or indirectly infringing in any manner Plaintiffs' Hyperice Patents;

4) making, using, selling, importing and/or offering to sell products that infringe the Hyperice Patents;

5) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's User Accounts, Merchant Storefronts or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

6) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, website, User Account, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products

        for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

   7)    knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6) above and I(B)(1) and I(C)(1) below.

B.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

   1)    secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court; and

   2)    instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's User Accounts and Merchant Storefronts in violation of this Order.

C.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the

following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1) operation of Defendant's User Accounts and Defendant's Merchant Storefronts, including, without limitation, continued operation of Defendant's User Accounts and Merchant Storefronts in violation of this Order; and

2) instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's User Accounts and Merchant Storefront in violation of this Order.

##  II.  Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendant is hereby ORDERED to show cause before this Court in Courtroom 618 of the United States District Court for the Southern District of New York at 40 Foley Square, New York, New York on **April 25, 2025 at 11:30 a.m.**, or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before **April 18, 2025**. Plaintiffs shall file any Reply papers on or before **April 23, 2025**.

C. IT IS FURTHER ORDERED that Defendant is hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a

preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III. Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendant's Financial Accounts and shall provide written confirmation of such attachment to Plaintiffs' counsel.

### IV. Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective if it is completed by the following means:

1) delivery of: (i) a PDF copy of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendant's e-mail address(es), to be determined after having been identified by Amazon and/or Shein pursuant to **Paragraph V(C).**

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendant, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A) and V(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

   1) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

   2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Shein will be able to download a PDF copy of this Order via electronic mail to Shein's counsel at andrew.huang@sheingroup.com and jen.swallow@sheingroup.com;

   3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

## V. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, Defendant shall serve upon Plaintiffs' counsel a written report under oath providing:

   a. its true name and physical address;

   b. the name and location and URL of any and all websites that Defendant owns and/or operates and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendant owns and/or operates;

   c. the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d. the account details for any and all of Defendant's Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e. the steps taken by Defendant, or other person served to comply with **Section I**, above.

2) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern

      and Eastern Districts of New York and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

   3)    Plaintiffs may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendant in its response to the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendant's Financial Accounts, and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant, including contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendant's User Accounts and Merchant Storefronts, and provide Plaintiffs' counsel with a summary report containing account details for any and all websites, User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendant, Defendant's User Accounts and Defendant's Merchant Storefronts, contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

11

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

   a. account numbers;

   b. current account balances;

   c. any and all identifying information for Defendant, Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, names, addresses and contact information;

   d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each of Defendant's Financial Accounts;

   e. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   f. any and all wire transfers into each and every one of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, documents and records relating to:

   a. any and all User Accounts and Defendant's Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all of Defendant's User Accounts and Defendant's Merchant Storefront(s) that Defendant has ever had and/or currently maintains with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

   b. the identities, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C);

   c. the nature of Defendant's business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's User Accounts and Defendant's Merchant Storefronts, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's User Accounts and Defendant's Merchant Storefronts; and

    d. Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Hyperice Patents.

### VI. Security Bond

A. IT IS FURTHER ORDERED that Plaintiffs shall place security in the amount of Five Thousand Dollars ($5,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII. Sealing Order

A. IT IS FURTHER ORDERED that Plaintiffs' Complaint and exhibits attached thereto, and Plaintiffs' *ex parte* Application and the Declarations of Brian Arnold and Melissa J. Levine in support thereof and exhibits attached thereto, and this Order shall remain sealed, viewable to the Court and Plaintiffs only, until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this 11th day of April, 2025, at 1:00 p.m.

*Katherine Polk Failla*

The Hon. Katherine Polk Failla
UNITED STATES DISTRICT JUDGE

14